James Roy JARRETT, Plaintiff-Appellant,

v.

PACIFIC INDEMNITY COMPANY, Defendant-Appellee.

No. 27059

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

June 20, 1969.

Bob Hoblit, Warren Burnett, Odessa, Tex., for appellant.

Perry Davis, Jr., Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

In this Texas Workmen's Compensation case, plaintiff appeals from the dismissal of his complaint for want of jurisdictional amount.[1] After examination of the briefs, appendices

___

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804.

and papers before us, we conclude that the dismissal occurred as a result of a misunderstanding between the trial judge and various counsel for the parties and therefore that the order of dismissal should be vacated and the case remanded.

At the time of filing his complaint plaintiff was a resident of Midland, Texas. His counsel filed the complaint in the Midland-Odessa Division of the United States District Court for the Western District of Texas. Thereafter, on August 19, 1968, at the El Paso Division of the Court, the trial court heard arguments on defendant's motion to dismiss for lack of jurisdictional amount. Arguments were presented by attorneys other than those who filed original pleadings.

At the conclusion of the hearing on the motion to dismiss, the trial court advised the plaintiff's attorney who was before the court that the motion to dismiss would be granted unless plaintiff filed before the case was called for trial on September 23, 1968 an affidavit from a doctor indicating that the injury to his foot extended to and affected the whole body. Apparently the trial judge felt that such an affidavit together with plaintiff's complaint would justify overruling defendant's motion to dismiss and proceeding to trial.[2]

On September 9, 1968, this time at the Pecos Division of the Court, the trial judge had docket call for those cases set for trial at the Midland-Odessa Division on September 23, 1968. At the docket call, counsel other than those who appeared at the August 19 hearing in El Paso were present. A reading of the colloquy between the trial judge and the attorneys present at this call reveals that the attorney who appeared for defendant and who was not present at the hearing on the motion to dismiss inadvertently advised the court that the plaintiff was required to file the medical affidavit in question on that date, September 9, 1968, rather than September 23, whereupon the court, apparently relying on the advice received from defendant's counsel, notified the plaintiff's attorney who was present at this stage of the case that if the affidavit was not filed by 5:00 P.M. the case would be dismissed.[3] The motion to dismiss was granted on September 12, 1968.

Defendant argues rather persuasively that plaintiff's attorney did not state to the court on this occasion that he had until September 23, 1968 to file the affidavit, did not object to the court's failure to give him until September 23 to file it, and did not file it before the order of dismissal was entered on September 12, 1968. This argument would

2. Plaintiff's own deposition suggested that his injury was confined to his foot, which would mean that under Texas Workmen's Compensation his recovery would be limited to an amount considerably less than $10,000. To be certain that an injury affecting the whole body was involved and that plaintiff could legally claim more than $10,000, the court required the filing of a medical affidavit. We express no view as to whether such an affidavit could lawfully be required of plaintiff on a motion to dismiss for lack of jurisdictional amount.

3. The Court: * * * Let's see what we can do. Jarrett vs. Pacific Indemnity. This is a compensation case. Have you settled that case yet Mr. Burnett?
   Mr. Burnett: Not yet.
   Mr. Davis: That is the one where a motion was heard in El Paso and an affidavit was supposed to be filed by to-

day, otherwise the Court was going to grant our Motion. I have not seen any affidavit. I presented—
   The Court:—Who was it that came out there?
   Mr. Burnett: Mr. Stoker and maybe it was Mr. Childs—Mr. Hoblit, if Your Honor please.
   The Court: You better call him Mr. Burnett or I am going to dismiss it. That is the total and permanent case where he said it was an injury to a foot. You do not have any testimony that it went into his body? In fact the testimony of the Plaintiff is that it was just his foot that was hurt, wasn't it?
   Mr. Burnett: He will never do that again.
   The Court: Let's find out if Mr. Hoblit has got his affidavit, if he doesn't I will give you until five o'clock on that one.

have great appeal were it not for the fact that defendant's counsel himself appears to have been responsible for the misunderstanding and did not undertake to correct it at any time.

Under these circumstances, we feel that it is in the interest of fairness and the administration of justice to remand the case.

Vacated and remanded.